JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-1591 JGB (SHKx)** | Date | March 18, 2021 |
| Title | *Vanessa Ruiz v. Stewart Title of California, Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:**   Order (1) DENYING AS MOOT Defendant's Motion for Judgment on the Pleadings (Dkt. No. 24); (2) REMANDING action to Superior Court for the County of San Bernardino; and (3) VACATING the March 22, 2021 Hearing (IN CHAMBERS)

Before the Court is a Motion for Judgment on the Pleadings filed by Defendant Stewart Title of California ("Motion," Dkt. No. 24.) The Court determines the matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed, the Court DENIES AS MOOT Defendant's Motion and sua sponte REMANDS the matter to Superior Court for the County of San Bernardino for lack of subject matter jurisdiction. The March 22, 2021 hearing is VACATED.

## I. BACKGROUND

On May 29, 2020, Plaintiff Vanessa Ruiz filed a complaint against Defendants Stewart Title of California, Inc., Stewart Title Company, DCR Workforce Inc., Dianna Price, and Cheryl Allen in the Superior Court for the County of San Bernardino. ("Complaint," Dkt. No. 9-1.) On August 10, 2020, Defendants removed based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1391(a) and 1441(a). (Dkt. No. 1.) Plaintiff's Complaint alleged nine California law causes of action and violation of the Family Medical Leave Act ("FMLA"). (Id.)

With leave from the Court, on January 4, 2021, Plaintiff filed a First Amended Complaint alleging nine California law causes of action: (1) Discrimination in violation of California Government Code § 12940(a); (2) Harassment in violation of California Government Code §

12940(j); (3) Retaliation in violation of California Government Code § 129040(h); (4) Failure to prevent discrimination, harassment, and retaliation in violation of California Government Code §§ 12940(i),(k); (5) Failure to accommodate in violation of California Government Code § 12940m); (6) Failure to engage in good faith interactive process in violation of California Government Code § 12940(n); (7) Wrongful termination in violation of public policy; (8) Breach of contract; and (9) Intentional infliction of emotional distress. ("FAC," Dkt. No. 21.) Plaintiff's FAC contains no federal claims.

On February 22, 2021, Defendant Stewart Title filed the Motion. On March 1, 2021, Plaintiff opposed. ("Opposition," Dkt. No. 25.) On March 8, 2021, Defendant replied. ("Reply," Dkt. No. 26.)

## II.  LEGAL STANDARD

If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a removed case, the case shall be remanded. 28 U.S.C. § 1447(c). "Subject matter jurisdiction may not be waived." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Courts may assess subject matter jurisdiction at the demand of the parties, by motion or in the responsive pleadings, or completely sua sponte. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

Following dismissal of a claim which gave rise to federal subject matter jurisdiction, a federal court may properly dismiss the action for lack of jurisdiction or remand the remaining state law claims to state court. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). Remand is "preferable" to dismissal because it avoids any statute of limitations problem and the time and expense of filing new pleadings in state court. Id. When federal claims have dropped out of a suit in its early stages and only state law claims remain, it may be an abuse of discretion for a federal court to retain the case. See Enochs v. Lampasas County, 641 F.3d 155, 159 (5th Cir. 2011). Nevertheless, "the district court's decision to remand remains discretionary and is dependent upon what will best accommodate the values of economy, convenience, fairness and comity." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991).

## III.  DISCUSSION

Plaintiff's Complaint was validly removed because of the presence of a federal question: an alleged violation of the FMLA. (See Dkt. No. 1.) But Plaintiff's FAC contains no such claim. (See FAC.) Instead, the FAC contains exclusively state law causes of action brought by a California Plaintiff against California Defendants. (Id.) The Court declines subject matter jurisdiction over these claims.

//
//
//

## IV.    CONCLUSION

For the reasons above, the Court DENIES AS MOOT Defendant's Motion.  The Court ORDERS this case remanded to Superior Court for the County of San Bernardino.  The March 22, 2021 hearing is VACATED.

**IT IS SO ORDERED.**